**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Andre Juste,

      Plaintiff,

          v.

Resident Agency Martinsburg *et al.*,

      Defendants.

Civil Action No.  15-0973 (JDB)

**MEMORANDUM OPINION**

The United States removed this *pro se* case from the Superior Court of the District of Columbia pursuant to 28 U.S.C. §§ 1442(a), 1446 and 2679(d)(2).  Not. of Removal of a Civil Action, ECF No. 1.  It contends that the complaint against the federal defendants seeking $50 million confers original jurisdiction in this Court under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346.  *Id.* ¶¶ 2, 5 (renumbered).  In addition to the federal defendants, plaintiff has sued District of Columbia Mayor Muriel Bowser and D.C. Attorney General Karl A. Racine.  Pending are the Federal Defendants' Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 4, and the District of Columbia Defendants' Motion to Dismiss the Amended Complaint or, in the Alternative, for Summary Judgment, ECF No. 22.[1]

The federal defendants seek dismissal on the grounds of sovereign immunity and frivolousness.  The FTCA is a statute that waives the United States' immunity under certain

---

[1]    Also pending are plaintiff's unopposed motions to supplement the complaint and to amend the complaint, ECF Nos. 12, 19, 21.  When a *pro se* plaintiff files "multiple submissions in opposition to [a] motion to dismiss, the district court should endeavor to read the party's filings together and as a whole."  *Fennell v. AARP*, 770 F. Supp. 2d 118, 121 (D.D.C. 2011) (citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)).  Hence, the Court, finding no prejudice to the defendants, will grant plaintiff's motions to supplement and to amend the pleadings.

circumstances, and the federal defendants have not articulated a specific reason why dismissal is appropriate under the FTCA.  *See* Fed. Defs' Mem. of P. & A. at 5-7.  Hence, the Court declines to dismiss on sovereign immunity grounds.

The Court has carefully reviewed plaintiff's allegations in the original complaint and the supplemental complaint, ECF No. 12-1, as well as those in the amended complaint, ECF No. 19-1, where plaintiff invokes the Constitution, 42 U.S.C. § 1983, and 28 U.S.C. §§ 1332 and 1346(b).  *See* Am. Compl. ¶ 11.  As explained below, the allegations are so lacking in factual or legal support as to deprive this Court of subject matter jurisdiction.  Consequently, the Court will grant the defendants' respective motions and will dismiss the case.  *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the court determines that subject matter jurisdiction is lacking).

## I.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and it is presumed that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").  "A complaint may be dismissed on jurisdictional grounds when it 'is patently insubstantial,' presenting no federal question suitable for decision."  *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)).  Dismissal on jurisdictional grounds is also warranted when the complaint "recit[es] bare legal conclusions with no suggestion of supporting facts, or postulat[es] events and circumstances of a wholly fanciful kind."  *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981).  Moreover, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' " *Hagans v. Lavine*, 415

U.S. 528, 536-37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)).

## II.  ANALYSIS

Plaintiff alleges that lead defendant "Resident Agency Martinsburg . . . is a federal agent also known as . . . Agents Martinez, Federal Agent in Martinsburg, WV."  Compl., ECF No. 1-1, p. 13.[2]  Plaintiff describes those defendants as a "gang [of] Agents," operating out of Berkeley County, West Virginia, and engaging in  "unlawful criminal arrest[s]" that have resulted in "wrongful and illegal criminal convictions in and out of [the] state of West Virginia," *id*., and perhaps in the District of Columbia.  *See id*. at 13-15.  Plaintiff alleges that defendants Martinez and Resident Agency "intented [sic] to bringing the murder upon [him]" and are "stalking" him "from New York, boroughs to Pennsylvania State Allegheny County, Pittsburg . . . ."[3]  *Id*. at 15. He further accuses those defendants of malicious prosecution.  *Id*. at 16.  In addition, plaintiff accuses unidentified defendants of kidnapping his daughter from "another" kidnapper.  *Id*. at 18. In the amended complaint, plaintiff seeks to hold the District liable "for its failure to properly supervise the defendants Resident Agency & federal Agent Martinez."  Am. Compl. ¶ 7.

The largely incoherent allegations comprising the complaint and subsequent pleadings warrant dismissal of this action under Rule 12(b)(1).  *See Tooley*, 586 F.3d at 1010, citing with approval *Curran v. Holder*, 626 F. Supp. 2d 30, 33-34 (D.D.C. 2009) (dismissing case as patently insubstantial where plaintiff allegedly was "subjected to a campaign of surveillance and harassment deriving from uncertain origins"); *see also Walsh v. Hagee*, 900 F. Supp. 2d 51, 58-

---

[2]   The page citations to the complaint are those assigned by the electronic case filing system.

[3]    In addition to Resident Agency and Agent Martinez, the list of federal defendants includes President Barack Obama, Vice President Joe Biden, Attorney General Loretta Lynch, former Attorney General Eric H. Holder, Secretary of Defense Ashton Carter, former Acting United States Attorney for the District of Columbia Vincent H. Cohen, Jr., and various other high-level officials in the Department of Justice.

59 (D.D.C. 2012), *aff'd*, No. 12-5367, 2013 WL 1729762 (D.C. Cir. Apr. 10, 2013) (describing

claims of a "conspiracy span[ning] a number of states and over  20 years," involving an " 'ultra

secret' government agency . . . harassment, and numerous murder attempts" as the "sort of

bizarre conspiracy theory" warranting dismissal under Rule 12(b)(1)); *Jordan v. Quander*, 882 F.

Supp. 2d 88, 96 (D.D.C. 2012) (citing examples of frivolous claims dismissed on jurisdictional

grounds) (citations omitted).  In dismissing plaintiff's prior complaint against defendant

"Resident Agency," the Western District of Pennsylvania observed that the allegations (some of

which are similar to those pled here) "thoroughly demonstrate Plaintiff's fantastical delusions.  It

is clear . . . that Mr. Juste's factual scenarios are not rooted in reality, and therefore are baseless."

*Juste v. Resident Agency*, No. Civ. A. 15-140, 2015 WL 507493, at *2 (W.D. Pa. Feb. 6, 2015).

That court concluded that "[t]he facts 'rise to the level of the irrational or the wholly incredible,'

rendering Plaintiff's claim frivolous."   *Id*. (quoting *Denton v. Hernandez*, 504 US. 25, 33

(1992)).  The instant complaint fares no better.  Moreover, the claims against the District of

Columbia defendants cannot survive because they are based on essentially the same unfounded

assertions underlying the claims against the federal defendants, and on the meritless premise that

the District supervised the federal actors.  Hence, the complaint will be dismissed with

prejudice.[4]

_____s/_____
JOHN D. BATES
United States District Judge

DATE:  January 22, 2016

---

[4]   A separate Order accompanies this Memorandum Opinion.